UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOPE GAMBLE, *on behalf of herself and others similarly situated*,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEW ENGLAND AUTO FINANCE, INC.,<br><br>　　　　Defendant. | Civil Action No.:<br><br>Jury Trial Demanded |

## CLASS ACTION COMPLAINT

### Nature of this Action

1. Hope Gamble ("Plaintiff") brings this class action against New England Auto Finance, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

1

\*   \*   \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. The TCPA's "prohibition against auto dialed calls applies to text message calls as well as voice calls." *Murphy v. DCI Biologicals Orlando*, LLC, 797 F.3d 1302, 1305 (11th Cir. 2015).

4. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to send non-emergency text messages to numbers assigned to a cellular telephone service, without prior express consent.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as, upon information and belief, a substantial part of the events giving rise to this action occurred in this district, and as Defendant resides and has its principal place of business in this district.

## Parties

7. Plaintiff is a natural person who at all relevant times resided in Springfield, Massachusetts.

8. Defendant is a New Hampshire corporation with its principal place of business in Atlanta, Georgia.

9. Defendant is an automobile finance and payday loan company.

## Factual Allegations

10. In November 2014, Plaintiff entered into a Loan Agreement with Defendant.

11. The Loan Agreement includes a provision governing Defendant's right to send, among other things, text messages to Plaintiff.

12. The text message consent provision specifically states that "[t]o receive such communications you must provide a valid … mobile phone number … for an applicable communications device."

13. Plaintiff did not sign the text message consent provision and did not write her cellular telephone number in the section containing the text message consent provision.

14. Accordingly, Plaintiff did not consent to receive text messages from Defendant on her cellular telephone number.

15. Defendant did not otherwise have consent to deliver text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

16. Subsequent to entering into the Loan Agreement, Plaintiff paid off the loan, and thus the Loan Agreement concluded in approximately August 2015, along with any obligations arising out of the Loan Agreement.

17. Sometime after Plaintiff paid off the loan, she began receiving text messages from Defendant at her cellular telephone number—(413) 636-XXXX.

18. The text messages came from phone number (603) 707-4066.

19. The text messages stated:

> Hope, you may be eligible for cash up to …. Call New England Auto Finance @ 603-623-7393. To unsubscribe call 800-922-8803.

20. In approximately September 2016, Plaintiff received a call from a woman named "Mandy" on behalf of Defendant.

21. Mandy inquired as to whether Plaintiff was interested in a new loan.

22. Plaintiff told Mandy that she was not interested in a new loan, and asked that Defendant no longer call her.

23. Thereafter, Plaintiff received approximately two to four additional text messages from Defendant that stated:

> Hope, you may be eligible for cash up to …. Call New England Auto Finance @ 603-623-7393. To unsubscribe call 800-922-8803.

24. In response, in approximately November 2016, Plaintiff called Defendant, told Defendant that she did not want to receive text messages from Defendant, and asked Defendant to take her name off its list.

25. Defendant then informed Plaintiff that her name would be removed, and that she would no longer receive text messages from Defendant.

26. However, Plaintiff continued receiving text messages nearly identical to the prior text messages she received from Defendant.

27. In approximately January 2017, after receiving approximately nine to ten text messages from Defendant in total, Plaintiff again called Defendant and asked Defendant to stop texting her.

28. Upon information and good faith belief, Defendant's records may show additional text messages that it delivered to Plaintiff's cellular telephone number with an automatic telephone dialing system.

29. Upon information and good faith belief, and in light of the frequency, nature, and character of the text messages at issue, Defendant delivered text messages to Plaintiff's cellular telephone number by using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

30. Upon information and good faith belief, and in light of the frequency, character, and nature of the text messages, Defendant delivered text messages to Plaintiff's cellular telephone number by using (a) equipment which has the capacity

(i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

31.    Upon information and good faith belief, and in light of the frequency, character, and nature of the text messages, Defendant delivered text messages to Plaintiff's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

*Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

32. Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial telephone numbers without human intervention.

33. Upon information and good faith belief, Defendant used such hardware and software to deliver the text messages at issue to Plaintiff's cellular telephone number.

34. Defendant did not have Plaintiff's prior express consent to deliver the text messages at issue to her cellular telephone number.

35. Defendant did not deliver any text messages to Plaintiff's cellular telephone number for emergency purposes.

36. Defendant delivered text messages to Plaintiff's cellular telephone number under its own free will.

37. Upon information and good faith belief, Defendant delivered the text messages at issue to Plaintiff willfully and knowingly in that it consciously and deliberately delivered the text messages at issue.

38. Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system, to deliver the text messages at issue to Plaintiff.

39. Plaintiff suffered harm as a result of Defendant's text messages in that she suffered an invasion of her privacy, an intrusion into her life, and a private nuisance.

## Class Action Allegations

40. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a) and (b) on behalf of herself and two classes and subclass of similarly situated individuals:

### The Provision Class

All persons and entities throughout the United States (1) to whom New England Auto Finance, Inc. delivered, or caused to be delivered, more than one text message (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system, (4) from four years prior to the filing of the complaint through and including the date of class certification, (5) after the texted party entered into a Loan Agreement with New England Auto Finance, Inc. where the texted party did not sign the text message consent provision of the Loan Agreement.

### The Revocation Class

All persons and entities throughout the United States (1) to whom New England Auto Finance, Inc. delivered, or caused to be delivered, more than one text message (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system, (4) from four years prior to the filing of the complaint through and including the date of class certification, (5) after the texted party directed New England Auto Finance, Inc. to cease texting him or her.

### The Revocation Subclass

All persons and entities throughout the United States (1) to whom New England Auto Finance, Inc. delivered, or caused to be delivered, more than one text message (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system, (4) from four years prior to the filing of the complaint through and including the date of class certification, (5) after the texted party entered into a Loan Agreement with New England Auto Finance, Inc. where the texted party did not sign the text message consent provision of the Loan Agreement, and (6) after the texted party directed New England Auto Finance, Inc. to cease texting him or her.

41. The proposed classes and subclass specifically exclude Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

42. The proposed classes and subclass are so numerous that, upon information and belief, joinder of all members is impracticable.

43. The exact number of members of the classes and subclass is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

44. The proposed classes and subclass are ascertainable because they are

defined by reference to objective criteria.

45. In addition, and upon information and belief, the cellular telephone numbers of all members of the classes and subclass can be identified in business records maintained by Defendant and third parties.

46. Plaintiff's claims are typical of the claims of the members of the classes and subclass because all the class and subclass members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class and subclass member.

47. Plaintiff will fairly and adequately protect the interests of the members of the classes and subclass and has retained counsel experienced and competent in class action litigation.

48. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the classes or subclass that she seeks to represent.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

50. Furthermore, as the damages suffered by individual members of the classes and subclass may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class and subclass to

individually redress the wrongs done to them.

51. There will be little difficulty in the management of this action as a class action.

52. Issues of law and fact common to the members of the classes and subclass predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to each class.

53. Among the issues of law and fact common to the class and subclass:

   a. Defendant's violations of the TCPA as alleged herein;

   b. Defendant's use of an automatic telephone dialing system as defined by the TCPA; and

   c. The availability of statutory penalties.

54. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

55. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 54.

56. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to deliver non-emergency text messages to Plaintiff's cellular telephone number, without her consent.

57. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the classes and subclass are entitled to damages in an amount to be proven at trial.

## Trial by Jury

58. Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to deliver text messages to Plaintiff's cellular telephone number, from delivering text messages to consumers' cellular telephone numbers by using an automatic telephone dialing system without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

c) Awarding Plaintiff and members of the classes and subclass actual damages, or statutory damages under 47 U.S.C. § 227(b)(3) in an amount up to $1,500 per violation;

d) Awarding Plaintiff and members of the classes and subclass their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, under 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

e) Awarding other and further relief as the Court may deem just and proper.

Dated: August 8, 2017                    Respectfully submitted,

*/s/ Shireen Hormozdi*
Shireen Hormozdi
Georgia Bar No.: 366987
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: (800) 994-9855
Fax: (866) 929-2434
shireen@norcrosslawfirm.com

James L. Davidson*
Greenwald Davidson Radbil PLLC
5550 Glades Rd, Ste. 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
jdavidson@gdrlawfirm.com

* To seek admission *pro hac vice*.

## **Local Rule 7.1D Certification**

The undersigned counsel certifies that the foregoing was prepared using Times New Roman 14 point, a font and point selection approved by LR 5.1B.

*/s/ Shireen Hormozdi*
Shireen Hormozdi