IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HOPE GAMBLE, *on behalf of herself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND AUTO FINANCE, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:17-CV-2979-LMM |

## ORDER

This case comes before the Court on Defendant's Motion for Blinco Stay Pending Appeal [20]. On November 20, 2017, this Court denied Defendant's Motion to Compel Arbitration, and on November 30, 2017, Defendant appealed that decision. See Dkts. No. [18, 19]. Defendant now moves this Court under Blinco v. Green Tree Servicing, LLC, 366 F.3d 2004 (11th Cir. 2004), and its progeny for a stay pending appeal.

In Blinco, the Eleventh Circuit set out the "proper course for obtaining a stay" in the arbitration context:

> When a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous. If the district court denies the motion to stay, then the appellant may file a motion to stay in this Court. If this Court determines that the appeal is non-frivolous, then this Court should stay the litigation in the district court pending the appeal of the denial of the motion to compel arbitration.

366 F.3d at 1253. The Eleventh Circuit noted,

> By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums. If the court of appeals reverses and orders the dispute arbitrated, then the costs of the litigation in the district court incurred during appellate review have been wasted and the parties must begin again in arbitration.

Id. at 1251. The Eleventh Circuit has instructed, then, that this Court should stay a matter pending review of a motion to compel arbitration unless the appeal is "frivolous." Id. at 1253.

"An appeal is frivolous if the arguments are wholly without merit, such as where the appeal is brought in the face of controlling precedent." Connors & Co. v. McKinley Capital Mgmt., Inc., 1:08-CV-2744-BBM, 2009 WL 10671567, at *1 (N.D. Ga. Aug. 28, 2009). "A frivolous appeal is more than simply unpersuasive—it must be 'without even arguable merit.'" Id.

Plaintiff argues that this Court should deny the stay, because "Defendant will never be able to establish the existence of an agreement to arbitrate *the dispute in question*" and "a stay here will only serve to unnecessarily delay these proceedings and potentially prejudice Plaintiff and absent putative class members." Dkt. No. [24] at 2. Plaintiff does not address Blinco or the standard for assessing frivolity.

While the Court is firmly convinced its prior Order is correct, the Court cannot find that Defendant's appeal is frivolous. Plaintiff did sign a prior

agreement which included an arbitration clause, and she referenced that agreement in her Complaint. Thus, there is at least a colorable argument for Defendant to present to the Eleventh Circuit that the claims "touch on" an arbitration provision. The Court also finds that Plaintiff did not properly oppose Defendant's arguments or apply the right governing standard. See LR 7.1B, NDGa. Thus, Defendant's Motion for Blinco Stay [20] is **GRANTED**.

## CONCLUSION

Defendant's Motion for Blinco Stay [20] is **GRANTED**. This matter is **STAYED** during the pending appeal. The Clerk is **DIRECTED** to **ADMINSTRATIVELY CLOSE** this action while on appeal.

**IT IS SO ORDERED** this 20th day of December, 2017.

Leigh Martin May
**United States District Judge**

3